```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF LOUISIANA

JOSEPH ALFONSO, IV, ET AL                CIVIL ACTION

VERSUS                                   NO: 07-3778 C/W
                                         07-3867

MILITARY DEPARTMENT, STATE               SECTION: J
OF LOUISIANA
```

### ORDER AND REASONS

Before the Court is Plaintiff Joseph Alfonso, IV's **Motion to Remand (Rec. Doc. 6)** and Consolidated Plaintiff Lawrence Melerine, Jr.'s **Motion to Remand and for Just Costs and Actual Expenses, Including Attorney's Fees, in Accordance with 28 U.S.C. 1447(c) (Rec. Doc. 7).** Defendants in these consolidated matters include the State of Louisiana, through the Department of Transportation and Development and/or the Military Department.

The motions to remand, which were opposed by the Military Department but unopposed by the Department of Transportation and Development, were set for hearing on the briefs on September 19, 2007. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that the motions to remand should be granted.

### Background Facts

On November 5, 2005, Plaintiff Joseph Alfonso IV ("Alfonso")

lost control of his vehicle while driving on Louisiana Highway 39 in the Parish of St. Bernard as he encountered slippery mud on the highway.  As a result of the accident, Alfonso's truck sustained property damage and Alfonso sustained injuries and/or aggravation of pre-existing injuries.  Consolidated Plaintiff Lawrence Melerine, Jr. ("Melerine") was a passenger in Alfonso's vehicle and also sustained injuries.

At all material times, the Louisiana National Guard, operated by the State of Louisiana, Military Department, had established a temporary base where heavy equipment vehicles were being stored.  As part of the National Guard's deployment, the Louisiana National Guard carried truckloads of mud and/or dirt across Louisiana Highway 39, resulting in the accumulation of mud on the highway.  The accumulation of mud, accompanied by rain on the morning of the accident, combined to create the hazard which allegedly caused Alfonso's vehicle to lose control.

Alfonso and Melerine both filed suit in state court in the Thirty-Fourth Judicial District Court for the Parish of St. Bernard against the State of Louisiana, through the Department of Transportation and Development ("DOTD") and/or The Military Department.  The Military Department removed Alfonso's case based upon federal question jurisdiction, and later removed Melerine's case on the same grounds.  Soon thereafter, the Alfonso and Melerine cases were consolidated by this Court.

## **Arguments of the Parties**

Alfonso states two grounds supporting his motion to remand:

(1) the removal petition was untimely, and (2) lack of subject matter jurisdiction.  Melerine states three grounds supporting his motion to remand: (1) the removal petition was untimely, (2) lack of subject matter jurisdiction combined with Defendant's Eleventh Amendment protection from suit in federal court, and (3) only the Military Department joined in the Petition for Removal (DOTD did not give its consent).

**A.  Timeliness of the removal petition**

    Alfonso and Melerine cite 28 U.S.C. 1446(b) which states that:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .  If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertainable that the case is one which is or has become removable . . . .

Id.

    Alfonso indicates that the Military Department was served with his state court petition, interrogatories, and request for production of documents on November 15, 2006.  In the interrogatories, Defendant was asked, "if you contend that any or all of plaintiff's claims are covered by the Federal Tort Claims Act, please state which claims you contend are covered by that Act and what facts support your contention."  Similarly, Alfonso served a request for production of documents that stated, "if you

3

content [sic] that any or all of plaintiff's claims are covered by the Federal Tort Claims Act, please produce a copy of all documents that support your contention."  Alfonso asserts that service of these documents on the Military Department eight months before the filing of the Petition for Removal should have alerted Defendant to the possibility of federal jurisdiction.

Additionally, prior to discovery, Alfonso himself was unsure as to whether his claims were covered under state or federal law, so he instituted a parallel claim under the Federal Tort Claims Act ("FTCA") by submitting the proper Form 95 claims form to the U.S. Department of Defense, the U.S. Department of Homeland Security, and the Louisiana National Guard.  According to the postal return receipt, the Louisiana National Guard received this FTCA claim on April 3, 2007.  Thus, according to Alfonso, if his claims are covered by the FTCA, then receipt of the FTCA claim form by the Louisiana National Guard should have alerted the Military Department to that possibility more than ninety days before Defendant filed its petition for removal.

Melerine asserts similar factual arguments.  In addition, Melerine cites City of New Orleans v. Illinois Central Railroad Company for the proposition that 28 U.S.C. 1446(b) is strictly construed.  804 F. Supp. 873 (E.D. La. 1992).  In Illinois Central, the court stated: "Considering that federal courts are to construe the instant statute against removal and in favor of remand to state court, . . . and the fact that the choice of language of the statute is clear and unambiguous, . . . this

court believes that 'receipt rule' is the proper one to use in this instance." Id.  If the case is not timely removed, it must be remanded under 28 U.S.C. 1447(c).

In response, the Military Department, states that removal was timely, as the existence of federal question jurisdiction was not apparent from the face of the petition.  As such, Defendant had thirty days after receipt of a copy of an amended pleading, motion, order or other paper from which it may first be ascertainable that the case is one which is or has become removable within which to file its petition for removal.  28 U.S.C. 1446(b).

Defendant states that federal question does exist pursuant to the FTCA, 28 U.S.C. 1346(b) and 2671 et seq.  Since the allegations contained in both Alfonso's and Melerine's complaints occurred during the time when the Louisiana National Guard had been activated pursuant to the Executive Order of the Governor of Louisiana, the Louisiana National Guardsmen were operating in a federal status under 32 U.S.C. 101 et seq., and thus, according to Defendant, a federal question exists.

The Military Department alleges that it first ascertained that federal question jurisdiction existed when the affidavit of Col. John Pugh, Jr., Executive Counsel Deputy Director of Operations, Louisiana State Military Department, was taken. Therefore, removal was timely.

However, in reply, Alfonso and Melerine assert that Col. Pugh's affidavit states no new facts that Defendant learned at

any time prior to the filing of suit.  All the affidavit includes is a conclusion of law that the claim is governed by federal law, a conclusion based on facts that the Military Department knew *prior* to the institution of suit.  It further confirms, according to Alfonso and Melerine, that the Defendant received absolutely *no* documentation between the service of its discovery responses on May 17, 2007 and the filing of its Petition for Removal on or about July 17, 2007 (which was a period of more than thirty days).

Melerine also cites <u>Dahl v. R.J. Reynolds Tobacco Company</u>, in which the court explains which documents are included in the list of 28 U.S.C. 1446(b).  478 F.3d 965 (5th Cir. 2007).  In <u>Dahl</u>, the Fifth Circuit concluded that a copy of its opinion in a different case is not an "amended pleading, motion, order or other paper."  <u>Id.</u>  In <u>Integra Bank, N.A. v. Greer</u>, the court refused to consider as "other paper" a state court final judgment.  2003 WL 21544260 (S.D. Ind. June 26, 2003).  And in <u>Commonwealth of Pennsylvania v. TAP Pharmaceutical Products, Inc.</u>, the court excluded a Supreme Court opinion from the 28 U.S.C. 1446(b) list.  415 F. Supp. 2d 516 (E.D. Pa. 2005).

Taking these standards into account, Melerine concludes that the Pugh affidavit cannot be considered "other paper" from which it may be ascertained that the case is or has become removable since Col. Pugh is associated with the Defendant.

Furthermore, according to Alfonso and Melerine, from all appearances, the Military Department received *no* documentation at

any time within the thirty days prior to the filing of the Petition for Removal "from which it may *first* be ascertained" that these claims were covered under the FTCA, as stipulated in 28 U.S.C. 1446(b).  Therefore, according to Alfonso, because the Military Department failed to file the Notice of Removal within thirty days of the service of the Petition for Damages and discovery pleadings (or at the latest, within thirty days of receipt of Plaintiff's parallel FTCA claims form), and because it was in receipt of no additional factual documentation at any time thereafter, the petition for removal was untimely, and remand is appropriate.

**B.  Subject Matter Jurisdiction**

Alfonso and Melerine also assert that this Court lacks subject matter jurisdiction over this action.  Alfonso and Melerine state that there is no federal subject matter jurisdiction under either ground alleged by the Military Department, namely, the FTCA or the National Guard Claims Act.

Melerine cites Caterpillar Inc. v. Williams for the proposition that "the presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  482 U.S. 386, 399 (1987).  Furthermore, "a suit arises under the law that creates the cause of action."  Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986).  To this end, Melerine asserts that this

7

action is simply a plain Louisiana personal injury action.

Additionally, Alfonso and Melerine cite Holdiness v. Stroud for the proposition that the only defendant in an FTCA case is the United States.  808 F.2d 417, 425 (5th Cir. 1987).  The United States is not a party to this action.  The only defendant is the State of Louisiana, which is not the proper defendant in an FTCA case, as the FTCA does not cover claims against the State of Louisiana.

Furthermore, Alfonso and Melerine state that both the DOTD and the Military Department have failed to allege or prove that the FTCA claim was presented to a proper administrative agency prior to the bringing of this action.  Federal courts have consistently held that the assertion of an appropriate administrative claim is jurisdictional and in its absence, a complaint under the FTCA must be dismissed.  Matlack, Inc. v. Treadway, 729 F. Supp. 1574 (S.D.W.V. 1990), citing Harrah v. Miller, 558 F. Supp. 702, 704-05 (S.D.W.V. 1983).  The failure to file a claim with the proper administrative agency mandates dismissal of an action brought in District Court under the FTCA.  Id., citing Henderson v. United States, 785 F.2d 121 (4th Cir. 1986).  Therefore, according to Alfonso and Melerine, there is no jurisdiction under the FTCA.

Finally, Alfonso asserts that claims brought under the National Guard Claims Act are handled administratively, without any judicial review.  32 U.S.C. 715(f)-(h); see also Rhodes v. United States, 760 F.2d 1180 (11th Cir. 1985).  This is because

the administrative "settlement of a claim under this section is final and conclusive." 32 U.S.C. 715(g). The term "settle" includes "full or partial allowance or disallowance" of a claim. 32 U.S.C. 715(h). Thus, states Alfonso, this Court has no jurisdiction to hear or review claims brought under the National Guard Claims Act.

In response, the Military Department states that the Court does have jurisdiction over this matter pursuant to 28 U.S.C. 1331. Defendant asserts that the action may be removed pursuant to the provisions of 28 U.S.C. 1441(b) in that it arises under the FTCA, 28 U.S.C. 1346(b) and 2671 et seq. Defendant cites Davis v. United States, which states that "[t]he Federal Tort Claims Act enables District Courts to exercise jurisdiction over claims against the United States for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 961 F.2d 53, 56 (5th Cir. 1991). Furthermore, the FTCA specifically states that members of the National Guard acting in the line of duty are employees of the United States under the FTCA.

According to the Military Department, members of the Louisiana National Guard had been activated pursuant to Executive Order by the Governor of Louisiana and were operating in a Federal Title 32 (32 U.S.C. 101 et seq.) status paid by the Department of Defense. Therefore, according to the Military Department, all claims arising from the Louisiana National

9

Guard's activities during this period are covered under the FTCA.

Furthermore, not only is this Court's jurisdiction in this case existent, claims the Military Department, it is exclusive. Defendant cites <u>Price v. United States</u> for the proposition that the FTCA gives District Courts "exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government . . . ."  69 F.3d 46, 50 (5th Cir. 1995).

Adding additional support, the Military Department states that the Louisiana Legislature barred any action against a Louisiana and National Guardsmen under the instant circumstances. La. R.S. 29:23.1 was enacted to relieve the state of Louisiana and the National Guardsmen from liability where the National Guardsman is an employee of the United States of America, for purposes of *respondeat superior* liability.  Such an action properly falls under the FTCA.  Furthermore, La. R.S. 29:23.1(C) removes the State of Louisiana from even joint tortfeasor status by stating that when the federal government is liable for the acts or omissions of a national guardsman under the provisions of the FTCA, the state shall not be liable for contribution as a joint tortfeasor.  As such, state court jurisdiction has been revoked for claims in this instance.

Additionally, the Military Department states that federal jurisdiction is proper pursuant to the National Guard Claims Act, 32 U.S.C. 715(a).

**C.  Failure of DOTD to Join in Removal**

Melerine lists a third ground necessitating a remand of this case.  Namely, DOTD failed to join in or consent to the removal, thus preventing the removal from being effective.

**D.  Attorney fees**

Melerine also seeks an award of attorneys fees and costs under 28 U.S.C. 1447(c), as the Military Department cannot assert an objectively reasonable basis for seeking removal.  Melerine cites Martin v. Franklin Capital Corporation, 546 U.S. 132 (2005) which cited with approval the Fifth Circuit case of Valdes v. Wal-Mart Stores, Inc., 199 F.3d 290 (5th Cir. 2000), for the proposition that an award of fees under 28 U.S.C. 1447(c) requires a discretion-based analysis of whether or not the removal was fairly supportable and "whether the defendant had objectively reasonable grounds to believe that the removal was legally proper."

Melerine also cites Devine v. Prison Health Services, Inc., in which the court determined that an award of attorneys fees pursuant to 1447(c) should be upheld because removal in the case was not objectively reasonable since "there was no basis for federal jurisdiction on the face of the complaint."  2006 WL 3793371 (11th Cir. 12/27/2006).

## Discussion

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction.  See 28 U.S.C. § 1441(a).  A plaintiff may contest

11

removal by the defendant by filing a motion to remand the case. See 28 U.S.C. § 1447(c).  A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within thirty days after the filing of the notice of removal under section 1446(a).  Id.  However, if at any time before final judgment it appears that the District Court lacks subject matter jurisdiction, the case shall be remanded. Id.  An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.  Id.

**A. Defects in Removal Procedure**

First, under the "rule of unanimity" established by Fifth Circuit jurisprudence, all defendants are required to join in the notice of removal within the thirty-day period prescribed for removal.  Getty Oil Corp. v. Insurance Co. of North America, 841 F.2d 1244, 1262-63 (5th Cir. 1998).  While the thirty-day time limit is not jurisdictional, it is mandatory and therefore strictly construed.  Id. at 1263.

However, federal jurisprudence also establishes that an improperly joined or served defendant need not join in a notice or petition for removal.  See Jernigan v. Ashland Oil Inc., 989 F.2d 812, 815 (5th Cir. 1993) (noting that "application of this requirement to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists.").  As such, if a

12

Defendant who did not join in the removal is improperly joined, the fact that all Defendants in the case did not join in removal is not a procedural bar to the case's removal.

Applying this standard to the facts of this case, DOTD did not join in or consent to removal. However, if there is no valid claim against DOTD, i.e., if DOTD was improperly joined, then DOTD's failure to consent to removal must not be considered.

There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. Smallwood v. Ill. Cent. R.R., 385 F.3d 568, 573 (5th Cir. 2004) (en banc). The test for improper joinder where there is no allegation of actual fraud is whether the Defendant has demonstrated that there is no possibility of recovery by the Plaintiff against an in-state Defendant. Id. A mere theoretical possibility of recovery is not sufficient to preclude a finding of improper joinder. Id. A court should ordinarily resolve the issue by conducting a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state Defendants. Id. Where a Plaintiff has stated a claim, but has misstated or omitted discrete and undisputed facts that would preclude recovery, the Court may, in its discretion, pierce the pleadings and conduct a summary inquiry. Id. at 573-74.

The party seeking removal bears a heavy burden of proving improper joinder. Id. at 574. In determining the validity of an allegation of improper joinder, the District Court must construe factual allegations, resolve contested factual issues, and resolve ambiguities in the controlling state law in the Plaintiff's favor. Burden v. Gen. Dynamics Corp., 60 F.3d 213, 216 (5th Cir. 1995).

In its response, Defendant does not respond to the failure of DOTD to join in the removal of this action. As such, Defendant fails to allege facts as to whether DOTD was improperly joined. Therefore, since Defendant has failed in its burden of proving improper joinder, DOTD's failure to join in or consent to remove is fatal to the removal procedure. Therefore, this Court finds that the action should be remanded on this ground.

Out of an abundance of caution, this Court now directs its attention to a second defect in the removal procedure. Pursuant to 28 U.S.C. 1446(b), when an action is not initially removable, the defendant has thirty days after it receives a copy of "other paper from which it may first be ascertained" that the case is or has become removable. S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489 (5th Cir. 1996). The Fifth Circuit has indicated that the "other paper" conversion requires a voluntary act by the plaintiff. Gaitor v. Peninsular & Occidental S.S. Co., 287 F.2d 252, 254 (5th Cir. 1961) (in explaining that "other paper" requires a voluntary act of the plaintiff, the court specifically

noted that an initially non-removable case "cannot be converted into a removable one by evidence of the defendant or by an order of the court"). Further, the Fifth Circuit has held that the defendant's subjective knowledge cannot convert a case into a removable action. Chapman v. Powermatic, Inc., 969 F.2d 160 (5th Cir. 1992).

As such, the Court in S.W.S. Erectors, Inc. v. Infax, Inc. found that "an affidavit created by the defendant and based on the defendant's subjective knowledge cannot convert a non-removable action into a removable one." 72 F.3d 489. The Court further held that "the affidavit, created entirely by the defendant, is not 'other paper' under section 1446(b) and cannot start the accrual of the thirty-day period for removing." Id.

Applying this standard to the instant action, Defendant's affidavit from Col. Pugh cannot be considered "other paper" under section 1446(b). As a result, this Court finds that Defendant's removal of this action is untimely, and this action should be remanded on this additional ground.

**B.  Attorney Fees**

This Court has not answered the question whether federal subject matter jurisdiction exists. Even if it is lacking, any such lack of federal removal jurisdiction in this case is not so obvious as to warrant an award of attorney's fees and expenses. See Miranti v. Lee, 3 F.3d 925, 928 (5th Cir. 1993). Accordingly,

**IT IS ORDERED** that Plaintiff Joseph Alfonso, IV's **Motion to**

15

**Remand (Rec. Doc. 6)** and Consolidated Plaintiff Lawrence Melerine, Jr.'s **Motion to Remand (Rec. Doc. 7)** should be and hereby are **GRANTED**; the above-captioned actions are hereby **REMANDED** to the court from which they were removed.

**IT IS FURTHER ORDERED** that Consolidated Plaintiff Lawrence Melerine, Jr.'s **Motion for Just Costs and Actual Expenses, Including Attorney's Fees, in Accordance with 28 U.S.C. 1447(c) (Rec. Doc. 7)** should be and hereby is **DENIED.**

New Orleans, Louisiana this 15th day of November, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE